IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVE L. THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:22-CV-545-MHC-JSA |

## ORDER

This action comes before this Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 74] recommending that Defendant Walmart Inc. ("Walmart")'s Motion for Summary Judgment [Doc. 54] be granted. The Order for Service of the R&R [Doc. 75] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that order. Plaintiff Steve L. Thomas ("Thomas") filed his objections to the R&R ("Pl.'s Objs.") [Doc. 76], to which Walmart filed a response [Doc. 77].

### I.  PROCEDURAL BACKGROUND

Thomas's pro se complaint alleges that Walmart discriminated against him based upon sexual harassment, in violation of Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; discriminated by failing to accommodate and retaliated against him, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; and unlawfully discharged him. Compl. [Doc. 1]. In his R&R, Judge Anand found as follows:

(1) For purposes of his sexual harassment claim, the actions of Nathalie Gooden ("Gooden"), one of Thomas's co-workers, were not sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment, because the conduct was not frequent, severe, or physically threatening or humiliating.

(2) Alternatively, Thomas has failed to allege a basis for holding Walmart liable for sexual harassment because of a failure to show that Walmart knew or should have known about the purported harassment.

(3) Walmart cannot be held liable for a failure to accommodate because Thomas's request for a medical leave of absence was still pending at the time of his termination.

(4) Thomas's retaliation claim fails because Walmart terminated him for acting in an aggressive and hostile manner towards Gooden, which is

        a legitimate, nondiscriminatory reason, and Thomas has not satisfied his burden to show this reason was pretextual.

(5)    Because Thomas was an "at-will" employee, his state law claim for unlawful discharge also fails.

R&R at 11-23.

## II.  LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Further, "the district court has broad discretion in reviewing a

magistrate judge's report and recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

### III. DISCUSSION

#### A. There is No Evidence of Bias in Judge Anand's Decision.

Thomas first objects to the R&R as biased because certain of Judge Anand's earlier procedural rulings went against Thomas's position and the time it took for the Magistrate Judge to rule on the motion for summary judgment. Pl.'s Objs. at 1-3. These are frivolous objections which this Court need not consider. Schultz, 565 F.3d at 1361.

Moreover, with respect to a magistrate judge's non-dispositive order, Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" such a non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is

4

clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); see also Addison v. Gwinnett Cnty., 917 F. Supp. 802, 808 (N.D. Ga. 1995) (holding that "[u]nder 28 U.S.C. § 636(b)(1)(A), this court may reconsider a magistrate judge's order on a pretrial matter where the order is clearly erroneous or contrary to the law). Thomas never filed a timely objection to any of Judge Anand's non-dispositive orders and, even if he had, the standard for overturning a magistrate judge's non-dispositive order is "a very difficult one to meet." Faircloth v. Baden, No. 1:11–CV–86 WLS, 2-12 WL 3574353, at *1 (M.D. Ga. Aug. 16, 2012) (quoting Thornton v. Merchantile Stores Co., 180 F.R.D. 437, 439 (M.D. Ala. 1998)); see also Graham v. Mukasey, 247 F.R.D. 205, 207 (D.D.C. 2008) (holding that magistrate judge's ruling in discovery dispute "is entitled to great deference"). The Magistrate Judge's orders "should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the 'definite and firm conviction that a mistake has been committed.'" Rowlin v. Ala. Dep't of Pub. Safety, 200 F.R.D. 459, 460 (M.D. Ala. 2001). This Court has reviewed all of the non-dispositive orders complained of by Thomas and finds that none of them were clearly erroneous or contrary to law.

### B. The Objections to the Magistrate Judge's Factual Findings Lack Merit.

Thomas objects to the Magistrate Judge's statement that Thomas included numerous purported facts in his brief that either were not supported by a citation to the evidence or which appeared on a party's statement of material facts. Pl.'s Objs. at 4. See R&R at 3 (citing LR 56.1(B)(1), NDGa). But Thomas ignores the fact that the Magistrate Judge specifically considered both his responses to Walmart's statement of undisputed material facts and his statement of additional facts as well as exhibits filed by the parties. R&R at 1-2. What the Magistrate Judge stated was that, in general, he would not consider purported facts stated in Thomas's brief in response to Walmart's motion for summary judgment which did not appear in a statement of material facts or were supposed by specific reference in Thomas's brief.

Thomas also objects to the failure of the Magistrate Judge to acknowledge that, after Thomas learned how to use a trash compactor and was asked at times to use it in a part of the store called "CAP 2," Thomas asked to stop working with the trash compactor. Pl.'s Objs at 4-6. The Magistrate Judge stated that Thomas failed to cite to any record evidence to support the factual allegation that Thomas requested this accommodation. R&R at 4 n.2. In his objections, Thomas cites only to Paragraph 15 of the Declaration of Callie Stephens, a Walmart store

6

manager, Pl.'s Objs. at 5, but, in that excerpt, Ms. Stephens avers the opposite; namely, that Thomas never asked for such an accommodation. Decl. of Callie Stephens (Oct. 31, 2022) ("Stephens Decl.") [Doc. 54] ¶ 14.

Thomas next objects to a finding as to Thomas's verbal abuse of Gooden on August 31, 2021, which is based in part on the Declaration of Store Manager Donald McClanahan. Pl.'s Objs. at 6-8; R&R at 7. Once again, Thomas fails to cite to evidence in the record that contradicts this incident, stating only that there is video evidence that "now is nowhere to be found." Pl.'s Objs. at 7. Thomas complains about the Magistrate Judge relying on a declaration but, in the absence of evidence to the contrary, reliance on a sworn declaration is warranted at the summary judgment stage. See FED. R. CIV. P. 56(c)(4) (stating that a party asserting a fact may support the assertion by a declaration made on personal knowledge); United States v. Bennett, No. 8:09-CV-1952-T-27TGW, 2011 WL 7090744, at *5 (M.D. Fla. June 7, 2011) (finding that reliance of a declaration based upon personal knowledge is properly considered in resolving a motion for summary judgment).

Finally, Thomas in a conclusory fashion references undisputed facts found by the Magistrate Judge and states there are disputed factual issues. Pl.'s Objs. at

7

9-10. Once again, Thomas fails to cite to any record evidence that would create a disputed issue of material fact for any of these conclusory pronouncements.

### C. The Magistrate Judge Did Not Err in Finding That Gooden's Alleged Conduct was Neither Severe Nor Pervasive.

Thomas concedes that Gooden's conduct was not severe but was pervasive because his "harasser" was a "supervisor." Pl.'s Objs. at 11-12. But Thomas admitted that Gooden was not his supervisor. Dep. of Steve L. Thomas (Aug. 30. 2022] [Doc. 54-4 at 81]; see also Stephens Decl. ¶ 14 ("[Gooden] had no supervisory authority or responsibility over Thomas."). In concluding that Gooden's conduct towards Thomas was neither severe nor persuasive, Judge Anand stated as follows:

> Here, the relevant conduct consists of: (1) compliment(s) about a vintage car and request(s) to ride in it, (2) one question as to whether Plaintiff was married, (3) one question as to whether Plaintiff dated, (4) question(s) about where Plaintiff lived, and (5) one potential attempt to touch Plaintiff's arm to see whether he was wearing a ring. In light of the four factors, the undersigned finds that this conduct was neither severe nor pervasive.
> \*\*\*
> Gooden's questions, comments, and attempted touch were relatively innocuous—and certainly less severe than conduct that the Eleventh Circuit has found to fall below the severity threshold.

R&R at 12-13 (citations omitted). Once again, Thomas's conclusory statement that Gooden's actions were pervasive does not create a disputed issue of material fact.

8

**D.     The Magistrate Judge Did Not Err in Finding that Walmart Articulated a Legitimate, Non-Discriminatory Reason for Thomas's Termination and That Thomas Failed to Show That the Proffered Reason Was Pretextual.**

The Magistrate Judge assumed that Thomas made out a prima facie case of retaliation. R&R at 20. Thomas argues that the Magistrate Judge's finding that Walmart offered a legitimate, nondiscriminatory reason for his termination was error because "the court accepts the Declaration of the temporary store manager's statement that is not supported by any evidence." Pl's Objs. at 13. The declaration of Store Manager Donald McClanahan ("McClanahan") is admissible evidence in the determination of whether Walmart had a legitimate nondiscriminatory reason for its decision to terminate Thomas. By offering the explanation that Thomas acted in an aggressive and hostile manner toward Gooden, Gooden complained about the conduct to her superiors, McClanahan investigated the incident and found that all of the associates interviewed corroborated Gooden's account of the incident, and Thomas was terminated in response to the incident, Walmart satisfied its burden of production. R&R at 20-21.

Thomas continues to allege that he was terminated because he refused the sexual advances of Gooden rather than due to his own aggressive conduct towards Gooden. Pl.'s Objs. at 13-14. Because he has not presented any direct evidence of this, he cites to cases in which a causal connection can be established between the

temporal proximity of the alleged protective conduct and the termination. Id. at 17-24. "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be very close." Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (internal quotation marks omitted). Nevertheless, "close temporal proximity between two events, standing alone, is not a panacea, absent any other evidence that the employment decision was causally related to the protected activity." Hankins v. AirTran Airways, Inc., 237 F. App'x 513, 520 (11th Cir. 2007) (holding that an intervening act of misconduct severs a potential causal connection between the protected conduct and employment termination); see also Cash v. Bank of Am., N.A., No. 1:12-CV-0876-RWS, 2013 WL 5781596, at *14 (N.D. Ga. Oct. 25, 2013) ("[C]ausation need not be inferred from temporal proximity alone where an employee's misconduct severs the causal connection.").

In this case, the undisputed evidence is that McClanahan's decision to terminate Thomas "was based on his opinion that Thomas's inappropriate behavior created a work environment that did not fit Walmart's culture and values due to his actions on August 31, 2021, against Gooden." Pl.'s Resps. To Def.'s Statement of Undisputed Material Facts [Doc. 62] ¶ 53; Decl. of Donald McClanahan (Oct. 31,

2022) ¶ 23. Even assuming that there was sufficient temporal proximity between the alleged sexual harassment and Thomas's termination, his misconduct against Gooden severed any such connection.[1]

## IV.   CONCLUSION

The Court has reviewed the portions of the R&R that Defendant did not object to for plain error and finds none. Additionally, after a consideration of Defendant's objections and a de novo review of the record, it is hereby **ORDERED** that Defendant's objections [Doc. 76] are **OVERRULED**.

---

[1] Thomas also objects to the Magistrate Judge recommending the denial of his unlawful discharge claim under Georgia law because he was an "at-will" employee. Pl.'s Objs. at 14. Thomas contends that because his case is in federal court, state law should not apply. Id. But Thomas raises a state law claim in which state law applies even though the case was brought in federal court. "Under Georgia law, in the absence of a controlling contract between the parties, employment for an indefinite period is terminable at will by either party." Warren v. Crawford, 927 F.2d 559, 562 (11th Cir. 1991) (citing Land v. Delta Air Lines, Inc., 130 Ga. App. 231, 203 S.E.2d 316 (1973) and O.C.G.A. § 34-7-1). To the extent Thomas meant to bring his unlawful discharge claims under either Title VII or the ADA, those claims have been rejected in the R&R as well.

Accordingly, the Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 74] as the Opinion and Order of the Court. It is hereby **ORDERED** that Defendant's Motion for Summary Judgment [Doc. 24] is **GRANTED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 28th day of August, 2023.

_____
MARK H. COHEN
United States District Judge